Johnson v. Nextel Good morning. Good morning, judges. My name is Ken Thine and I speak for the five individual plaintiffs in this matter who bring their claims individually and also as class representatives. And the first error we complain about is the fact that the court dismissed the five individual claims claiming that the statute of limitations had run on those claims when there's nothing in the record that would support that as to the first two counts of the complaint. These are all New Jersey plaintiffs and they plead cause of action for breach of fiduciary duty and tortious interference, both of which have a six-year statute of limitations. It's undisputed that they're represented by Leeds and Morelli through the last half of 2001. The complaint was filed in 2006, so that would be five years at best. So the court erred in dismissing those individual claims. That's the first error we complain of. The second error we— Weren't they, at least two of them, the two who signed the Johnny Copran letter, weren't they on notice of the Leeds and Morelli conflict of interest from sometime in 2000? If they chose not to sue and chose instead to go ahead being represented by Leeds and Morelli regardless of knowing that they were victims of a fraud, how can they sue on the fraud? My response, Your Honor, would be twofold. First was it's those two plaintiffs. I understand that. And unfortunately, out of all of the plaintiffs, those two wrote the letter. But there are also case law out there that says when an attorney continues to represent a client, that that tolls the statute, particularly when, as here, the attorney had an affirmative duty to advise the client of the conflict of interest and that it was not consentable without consulting with other counsel or some extraordinary remedy. So in this case, I would argue that that's something that should not have been done on a motion to amend, but there should have been a motion to dismiss directed at Mr. Samuel and Mr. Johnson's claims rather than just throwing them out on a motion to amend. It should be considered under New Jersey law and not been thrown out without consideration of the individual claims. Certainly, the three other plaintiffs, there's no evidence that the statute ran into their claims. And again, those are to the first two counts. The second point error we complain of is the failure of the Court to allow us to form a subclass. And that subclass was directed at this Court's prior footnote in which this Court has held that there could not be class certification because of the difference in laws in the different states. Among the flaws that the Court found in the District Court's previous opinion certifying the class was that the class action wasn't appropriate because we have to look at each individual state and determine whether or not in that state the law would permit certification. And that... I know you're talking to the person. I recognize both of your honors. Yes. I do. This is the third time we've been together on this case, I believe, Your Honor. My third time. I don't think it's my... This is your second. This is your first, Your Honor. Correct. Nice to meet you. And it's been a long journey. But this is a very unusual case. So I do think that the Court should bend over backwards to give these people remedy. And I think by forming subclass A, we give the Court the opportunity to do that. How do we form a subclass? This is the conundrum that I have had and I would love to be enlightened. How do we form a subclass when we don't have a class? Well, I guess a subclass would be the class if the other two claims are dismissed, Your Honor, the Federal claims that we sought, which I acknowledge was sort of a Hail Mary to try and keep the whole class together. So it's not... You're saying in the complaint as you structured it, it's a class bringing the Federal claims and a subclass with these other claims so that if there's not a full class, then the subclass gets promoted to be a replacement class. It's what's left, Your Honor, yes. And I will confess I'm not a class action lawyer, so I might not have done this as artfully as would have been done by someone... We're looking for two classes, right? We call them subclasses. We call two classes. What I'm arguing about now, Judge, is my second point, which I made largely of New Jersey and Georgia residents. We're saying there's no difference in the law in New Jersey and Georgia and that the Court, as Federal Courts do all the time... Just a second. In terms of statute of limitations, Georgia has 40 years, New Jersey has 6. There's a difference as to statute of limitations. That's correct, Judge. There is a difference as to statute of limitations. And if the Court holds that the Georgia statute of limitations ran prior to October 23rd, 2006, I would argue allows a subclass of just New Jersey residents to go forward. These people should have a remedy. And it's not argued that the New Jersey residents have anything less than a six-year statute of limitations for those first two counts. How many New Jersey members are there in the class? I don't want to say that off the top of my head, Judge. I want to say roughly 89, I believe. 89 is not a rough number, but that's the number that leapt to my memory. So let me just get straight. If we think that the Georgia class is time-barred or something like these people at least can't bring that because they would be time-barred in Georgia or something like that, you would be arguing, A, we should at least make sure that the individual claims can be determined, and B, to the extent that those people still have claims, they should be able to amend again to bring a class action on behalf of only New Jersey people. I question whether the second step would be necessary. The Court could just enter a ruling and say that the class is limited to New Jersey people and the proposed class, including Georgia people, by virtue of the Court's ruling, the time bar takes out the Georgia people, so we're left with the New Jersey people. Again, I don't see an obstacle to that given this Court's footnote in its prior opinion. We don't have a question of damages. We've limited our damages to what under New Jersey law has been established as a measure of damages when there's an allegation of breach of fiduciary duty with a wrongful payment to a fiduciary, namely a disgorgement of the payment. I see a yellow light. I would like to say as to the RICO claims, it should be clear to this Court that discovery below was limited to class discovery. There was no merits discovery. The wire fraud and the mail fraud of the communications between these sophisticated parties over state lines were not something that we had access to as clients. We couldn't plead with particularity the numerous communications that must have gone into forming this multi-million dollar conspiracy. You have a four-year statute of limitations for the RICO claims, don't you? Yes, sir, that's true. Is there really any dispute that the parties are all under at least inquiry notice once a class action is filed in Colorado on raising these very claims? I realize that they may not have gotten actual notice of that. Not only did they not get notice, Judge, the class action in Colorado was not your garden variety class action. It was filed under seal, and the notice of the settlement didn't even disclose the injury that these people suffered. They didn't disclose the bribe. It was drafted by Lee's, Morelli, and Brown's lawyers. It was under seal, so the people who got this notice weren't even on notice of it. But if we use that date, they must know something's wrong. A class action suit's been brought in Colorado about this. If it's within that date, we're within the four years, sir. That's the April 2002, repeated class action in Colorado State Court, Foster. That was when it was filed, I believe, Judge. And that was under seal? It was under seal, Your Honor. And then class-wide notice was sent out in July 2003, is that right? That's my understanding, Judge. And was that subject to any confidentiality? The notice itself wasn't, but the proceedings by which the class action was approved were sealed in a sealed courtroom, and that people were not allowed to enter unless they had been permitted to pursuant to court order. Okay. Thank you. Thanks. Thank you. Excuse me. Thank you, Mr. Thine. Mr. Sandak. Thank you, Your Honor. So this action was actually filed 12 years ago today. And plaintiff's motion came nine years into the case, at least 14 years after the events to which the proposed new claims relate, which are now 18 or 19 years old. So I'd like to take my time just to clarify a few facts. First of all, you may search the record. You will not find any reference to the Foster case being under seal. I was not counsel in that case, but I am unaware of that case being sealed. Second, I think we are down to the request that there be a New Jersey subclass. So first of all, there is no class, so there can't be a subclass, but I suppose what we're getting to is maybe we should just have a class of New Jersey plaintiffs. So if that were the case, we would confront all of the issues which the Court confronted the last time we were here, which is that there is no rule in New Jersey that waivers of this sort are not permitted. It is not a non-consentable state, as the Court addressed in what we call Nextel 1. And so there would be innumerable individualized issues as to what the various plaintiffs were informed about the conflict of interest, how they felt about it, what their degree of concern was, not to mention all of the other individualized issues, which are set forth in your last opinion. So a class action under New Jersey law is simply not going to work. Regarding the dismissal of the . . . But there isn't a rule in New Jersey that we're aware of. This is a question by way of a statement that is like what I understand Colorado's rule is, which is if you have a waiver, that's it. Well, the rule of professional conduct in New Jersey, as a general matter, says that if you get a waiver in writing upon informed consent, then a conflict can be waived. And so every single person would have the issue of was this informed consent. Indeed, every single person signed an individual agreement which disclosed the conflict of interest. Every single person read that and signed it. And so I think there's no issue as to any of them. But if we were to proceed . . . The New Jersey rule actually says that waivers are permitted where there is informed consent and the lawyer reasonably believes that he or she will be able to provide competent and diligent representation. So if the latter condition was not met, wouldn't that be a unitary issue for all class members? Because that goes to the reasonableness of . . . the state of mind and the reasonableness of the state of mind of the Leeds Moretti lawyers, not to what each individual client thought. Well, but it's a subjective standard. Some states have an objective standard. This is a subjective standard, and I think given the subjective . . . Don't we pretty much nix that with Judge Winter's opinion? No, I don't think so. First of all, Judge Winter's opinion was a pleadings decision. It was not on the merits. We hadn't developed any . . . Basically, you can't do what you did. Well, but . . . and the Colorado court looking at the very same agreement said just the opposite. So we end up in every state with this issue. And indeed, there wasn't one Leeds Moretti and Brown lawyer involved. There were dozens and dozens and dozens of them, and so perhaps each of their subjective views would need to be assessed in order to assess the satisfaction of RPC 1.7b2, which is the individualized issues would completely dominate, and so a class action wouldn't be at all appropriate. With regard to the dismissal of the individual plaintiffs, indeed, the two plaintiffs did sign the Cochran letter, which set forth their view that they had been the victims of fraud and malpractice, but they also testified that all of this was a matter of common knowledge and had been common knowledge for quite some time among the New Jersey Nextel employees, and so I believe that that's what Judge Daniels was relying upon, at least for inquiry notice. But is that not an issue of fact that would need to be resolved? To say Plaintiff 1 says everybody knew, and Plaintiff 2 says well, I did not know. I'm not sure whether Plaintiff . . . I'm not articulating about what Plaintiff 2 knows is even relevant, but assuming it is, wouldn't someone have to decide, is he right, that everybody knew, including Ms. Correa, for example, who apparently testified or submitted an affidavit saying she did not know? Well, I don't think that's the case, but I think what Judge Daniels was saying is not that each of the remaining three Nextel employees knew everything that the other two knew, but there was enough out there. I mean, the Cochran letter itself encloses a New York Times article from several months earlier. I mean, this was widely known, and so what the judge was ruling is not specifically that all five plaintiffs knew exactly what each of the others did, but that all five plaintiffs knew enough to be on inquiry notice at that point. If there are no other questions. Thank you. Thank you, Mr. Sandak. Just very briefly in rebuttal, Your Honors, Judge Winter said that as a matter of law, the conflicts were so profound that a client couldn't give informed consent, in your prior opinion, and that's at page 141. And as Mr. Sandak says, if they believe that issue is still open, send me back to the district court, and I'll file a motion for partial summary judgment on that issue, and the court can apply New Jersey law, and if it says New Jersey law is different than Judge Winters said it was, then it's not a class action. But if the district court holds that as a matter of law, the New Jersey courts would say this is a conflict of interest that cannot be waived, even because informed consent is impossible, then I'm allowed to go forward with my class. And the fact that I've changed the damage model to the amount of the bribe gets rid of the other problems for class certification. So as Mr. Sandak decided how long this case has been going on, certainly that cannot be laid at the plaintiff's door. We've been before the district court, and have come to this court, and we've had to go back and forth, but it's not something where the plaintiffs have slept on their rights. So I'd ask this court to give these plaintiffs their day in court that they've so long sought. Thank you. Thank you. Thank you both. We'll reserve decision. Almost joke about seeing you back here again, but we haven't decided yet. In Judge Hall's case, it's literally deja vu all over again, because it was deja vu the last time already. Thank you.